**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lakisha MURPHY, Defendant–
Appellant.**

No. 02–6372.

United States Court of Appeals,
Sixth Circuit.

Feb. 17, 2004.

Lawrence J. Laurenzi, U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Mary C. Jermann, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Before BATCHELDER, GIBBONS and COOK, Circuit Judges.

BATCHELDER, Circuit Judge.

Lakisha Murphy again appeals her sentence for conspiracy to distribute cocaine and cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846. On July 17, 2002, we vacated her sentence and remanded the case to the district court with instructions to determine whether Murphy was afforded her right to counsel in a 1995 delinquency proceeding in which she was adjudicated a delinquent. On remand, the district court held an evidentiary hearing and concluded that Murphy had been represented by counsel during the juvenile proceedings. The district court therefore re-entered the original sentence. We affirm the judgment.

Ms. Murphy's adjudication of delinquency is significant because, if she was represented by counsel during those proceedings, the probation and restitution imposed by the juvenile court as a result of that adjudication count under U.S.S.G.

§ 4A1.1(c) as a prior sentence and account for one of Murphy's two criminal history points. Because of the quantity of controlled substances that the district court found were attributable to Murphy, the court was required to impose the statutory minimum sentence mandated by 21 U.S.C. § 841(b)(1)(A). And because Murphy had two criminal history points, she was ineligible for the "safety valve" provision of U.S.S.G. § 5C1.2, which would have permitted the district court to sentence her below the statutory minimum.

At the hearing after remand, the government presented the records from the juvenile court specifically reflecting that attorney Clay Mayo had been assigned to represent Ms. Murphy in the proceeding in that court. The government also called as a witness the juvenile court hearing officer who had been assigned to Ms. Murphy's case in 1995. The hearing officer testified that because Ms. Murphy had denied the assault charge on which she was appearing before the juvenile court, the hearing officer was required to and did appoint counsel for her, and that the appointed attorney. Clay Mayo, had represented Ms. Murphy at the dispositional hearing before the juvenile court. Ms. Murphy testified at the hearing on remand, and admitted that she had a lawyer at the dispositional hearing, who had questioned both Ms. Murphy and her accuser.

At the conclusion of the evidentiary hearing, the district court found that Ms. Murphy had been represented by counsel:

The evidence this morning though is uncontradicted. Both the counselor from juvenile court and Ms. Ms. Murphy herself say that she had a lawyer who questioned witnesses and who questioned her. She was allowed to testify. Now, there is no indication that she was advised of her right to trial or right not to incriminate herself or right to testify or right to appeal, but we have to remember that this was not a trial in criminal court. This was a juvenile court proceeding, which is considered a civil matter. It's not even a criminal case. And there is no finding of guilt . . .

Based on the evidence before me this morning. I have no alternative but to conclude that she had counsel and that counsel was effective by allowing her to testify and by cross-examining witnesses.

Having found that Ms. Murphy had indeed been represented by counsel in the juvenile proceedings, the district court re-sentenced her to the statutory minimum sentence of 120 months.

Ms. Murphy argues that the district court erred in taking the juvenile adjudication into account in calculating her sentence because the record does not support the district court's finding that she was represented by counsel in that proceeding. We review for clear error the district court's finding that Ms. Murphy was represented by counsel at the 1995 juvenile proceeding. *United States v. Hanley,* 906 F.2d 1116, 1120 (6th Cir.1990). After examining the record of the evidentiary hearing, we conclude that the district court's ruling accurately reflects the testimony and evidence presented at that hearing. The district court did not clearly err in finding that Ms. Murphy was represented by counsel.

Ms. Murphy also assigns as error the district court's permitting the government to introduce at the evidentiary hearing a document from the juvenile court files showing that Clay Mayo served as counsel for Ms. Murphy during the dispositional hearing in the juvenile court. Ms. Murphy complains that the government did not apprise her of this evidence until the date of the evidentiary hearing, despite her having made a discovery request for those records.

518

Ms. Murphy admits that she made no objection at the evidentiary hearing to the government's use of the juvenile court record. We therefore review this claim for plain error. We find none. The juvenile court record is unquestionably admissible as evidence in the sentencing proceedings. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.") Ms. Murphy has provided no hint of the prejudice she would have to show in order for us to conclude that the court's permitting the government to introduce the juvenile court records affected her substantial rights.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.